IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

HOLSEY ELLINGBURG JR.,
Petitioner,

Vs

Crim. No Cr. 496-00063-001

Civ. No._____

4:22-cr-173-RK

PROBATION OFFICER
ANTHONY WHITE
Respondent.

## MOTION TO SHOW CAUSE

Comes now, Holsey Ellingburg Jr., hereinafter the Petitioner, in pro se, an indigent person, moves this Honorable Court for a "Show Cause Order", where Anthony White, hereinafter the Respondent, creates an undue hardship as a Probation Officer, by implementing a "Restitution Process" in the Southern District of Georgia, regarding a "Lien" that the United States Government has failed to renew in a timely fashion (20 years after judgment) furthermore enforcement of liability would be in violation of the Ex Post Facto Clause, stating the following in support;

1

## STATEMENT OF FACTS

On or about December 4, 1995, in the Southern District of Georgia, the First Union Bank was robbed by two individuals wearing ski masks. One of the perpetrators carried a sawed off shotgun, while the other grabbed money from the Bank Tailor's drawers. See Court Records

2.) The Bank was FDIC insured, which made the offense a federal crime, in violation of Title 18 USC section 2113 (a) and (d), Bank Robbery and Title 18 USC section 924 (c) Use Of A Fire Arm during a crime of violence, See Court Records

3.) On or about December 31 1995, the Petitioner was arrested and later charged with committing the offenses mentioned above. See Court Records

4.) As it pertains to the case chronologically and to Restitution, it should be noted that the Victims Witness Protection Act was in effect at the time the offenses mentioned above were committed, See VWPA Enactment.

5) However, while awaiting a Trial by Jury, the Petitioner was made aware that on April 24, 1996, Congress retroactively enacted the Mandatory Victims Restitution Act (MVRA).

6.) On or about August 29, 1996, following a jury trial, the Petitioner and one Marvin Donnell Kelly were found guilty of committing the offenses mentioned above, See District Court records

7.) On or about November 19, 1996, before the Honorable Judge William T. Moore, the Petitioner was sentenced on all counts mentioned above including Obstruction of Justice, which amounted to a total sentence of 322 months. See JVC.

8.) Furthermore, Judge Moore, ordered the payment of Restitution to immediately commence based on the recommendation of the Probation Officer assigned to the case in question at the time of sentencing and the Government Attorney's Office. See Sentencing Transcript.+

9.) While in prison because of the Unicore Program's use of corporal punishment and inconsistently providing a prison workforce, the Petitioner was unable to satisfy the Restitution Order.

10.) Furthermore, during the Petitioner's lengthy incarceration, upon the duration of 20 years, pursuant to 28 USC Section 3201, neither the Government nor did First Union Bank, renew the Lien that would relate back to the date judgment was filed, as such would necessarily be approved by the Court. See district court records.

11.) On January 18 2023, the Respondent, sent Petitioner a text message, (due to previous conversations) citing 18 USC Section 3613(b) of the MVRA on "Termination of Liability", in support of his position that Petitioner would have to pay restitution.

12.) On February 7, 2023, Respondent followed up with another text message, stating that; "you will need to make a payment of atleast $100.00, by 2/28/23, and by the end of every month thereafter.

13.) The Petitioner and his fiancee, Bridgette Willoughby, have monthly bills that consumes his employment wages. See Receipts.

14.) The Petitioner disagrees with Respondent where he is subject to undue hardship, as liability is now in violation of the Ex Post Facto Clause (liability is longer than that found under the VWPA ) and duration of the Lien has expired without submission of the "Notice of Renewal".

3

## SUMMARY ARGUMENT

In the often cited case of Beazell v. Ohio, 269 U.S 167 (1925) the Supreme Court defined the scope of the constitutional Ex Post Facto restriction; "It is settled by decisions of this Court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime after the commission, or which deprives one charged with a crime of any defense available according to law at the time when the act was committed, is prohibited as Ex Post Facto."

Under Fed R. Civ. P. 69 (a), money judgments are generally enforced by writ of execution, and the procedure for such writs "must accord with the procedure of the state where the court is located" and any applicable federal statutes. The relevant federal statute, 28 USC section 3201, provides that; "[a] judgment in a civil action shall create a lien on all real property of a judgment debtor." This means that both the Government and a victim may only create a lien against a defendant's property— of which the Petitioner has none. Understandably the Government did not pursue this route, but even if it did, the Petitioner's obligation to pay would still have expired on November 19, 2016. Once a judgment Lien is created under section 3201, it "is effective, unless satisfied, for a period of 20 years" unless it is renewed by "filing a Notice of Renewal— in the same manner as the judgment is filed." 18 USC section 3201.

The Mandatory Victims Restitution Act of 1996, (MVRA) substantially revised the rules governing the imposition of restitution that had been embodied in the Victim and Witness Protection Act of 1982. (VWPA). The MVRA, to the extent that it increased the mandatory amount of restitution, could not be applied to offenses occurring before it's enactment. (United States v. Torres, 901 F. 2d 205 (2nd Cir. 1990) also see Parton v. Armontrout, 895 F. 2d 1214 (8th Cir. 1990). Especially in the above captioned case, because it also increased the duration of liability, which had been for a period of 20 years under the VWPA, at the time the offenses were committed and it's language made it retrospective; as stated in part; "The liability to pay afine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined. The liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of

judgment or 20 years after the release from imprisonment of the person ordered to pay restitution...

Congress retroactively enacting the MVRA denied the Petitioner the available defense that; "liability terminates after 20 years"

## ARGUMENT

## THE RESPONDENT'S ENFORCEMENT OF THE MVRA PROVISIONS ARE IN VIOLATION OF THE UNITED STATES CONSTITUTION

The statute that governed criminal restitution before the MVRA was the Victims Witness Protection Act of 1982.(VWPA) " Under the VWPA, when a Court sentenced a defendant convicted of certain crimes, it had discretion to order, in addition to...any other penalty authorized by law, that the defendant make restitution to any victim of such offense." 18 USC Section 3663(a)(1) (1994). Such restitution orders, in turn, could be enforced by the United States, in the manner provided for the collection and payment of fines in chapter B of 229 of this title." Id. at section 3663 (h)(1)(A). That provision referred to 18 USC section 3613, which provided that a fine— and thus a restitution order "is a lien in favor of the United States upon all property belonging to the person fined," and that "[t]he lien arises at the time of the entry of the judgment and continues until the liability is satisfied, remitted, or set aside, or until it becomes unenforceable pursuant to the provisions of subsection (b) as stated; "[a] lien becomes unenforceable and liability to pay a fine expires... twenty years after the entry of judgment." Id. at section 3613 (b)(1) In other words, under VWPA, when a criminal judgment imposed a restitution, it created a lien by operation of the law and started a twenty year clock running, and when that clock ran out, two things happened:the lien became unenforceable, and the defendant's liability to pay expired. Contrarily, the Mandatory Victims Restitution Act, though adjacent, amplifies enforcement of restitution for an additional 20 years after the debtor is released from prison. Reviving liability, where the law granted effective amnesty as of a twenty (20) year duration clearly violates the U.S. Constitution ArtI,1 section 9 cl.3, see Collins v. Youngblood, 497 U.S. 37, 46, Beazell v. Ohio, 269 U.S. 167 (1925), U.S v .Edwards 162 F,3rd 87 3d Cir. ( "We hold that the application of the MVRA ...constitutes a violation of the Ex Post Facto prohibition...) also see Government of Virgin Islands v. Davis, 43 f.3d 41, 47, where the

court emphasizes the fact that Under the VWPA, a District Court had to make certain factual findings before ordering restitution; 1.) the amount of the loss sustained by the victim. 2.) the defendant's ability to pay that loss; and 3.) how the amount of restitution imposed relates to any loss caused by the conduct underlying the offenses at issue. Meaning that the law was converted from mandatory tailoring of Restitution to Mandatory Maximum Restitution, where consideration should have been given to the Petitioner's ability to pay Restitution at the time of sentencing and argument should have remain available to defendant/Petitioner, the defense was retroactively denied by Congress. The MVRA altered the Petitioners fiscal responsibility for criminal conduct consequences. Application of the MVRA in the instant case violates the Ex Post Facto Clause because restitution imposed as part of a defendant's sentence is criminal punishment, is not a civil sanction and the shift from discretionary to mandatory restitution increases the punishment meted out to a particular defendant. See United States v. Siegel, 153 F.3d 1256, 1259-1261 (11th Cir. 1998); also see United States v. William, 128 F.3d 1239, 1241 (8th Cir. 1997) Restitution is tied to criminal due process, beginning with the VWPA, where in federal Court sentencing is no longer complete without it. (meaning restitution) for all purposes in this case restitution is unenforceable because the MVRA was enacted with manifestly unjust and oppressive retroactive effect, for which the United States Constitution does not tolerate. Applying the MVRA in setting Restitution in this case and reviving liability rather whether criminal or civil after 28 years violated the Ex Post Facto Clause because the conduct occurred prior to the retroactive Statute,

THE UNITED STATES GOVERNMENT FAILED TO FILE A TIMELY NOTICE OF RENEWAL

28 USC Section 3201, states; (a) Creation— A judgment in a civil action shall create a lien on all real property of a judgment debtor on filing a certified copy of the abstract of the judgment in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of section 6323 © of the Internal Revenue Code of 1986. A lien created under this paragraph is for the amount necessary to satisfy the judgment, including cost and interest, (b) Priority of Lien— A lien created under subsection (a) shall have priority over any other lien or encumbrance which is perfected later in time. © Duration of lien Renewal— (1) Except as provided in paragraph (2) a lien created under subsection (a) is effective unless satisfied, for a period of 20 years. (2) Such lien may be renewed for one additional period of 20 years upon

filing a notice of renewal in the same manner as the judgment is filed and shall relate back to the date the judgment is filed, (B) The Court approves the renewal of such lien under this paragraph. However to renew a judgment you must use the application for and Renewal of Judgment (Form EJ- 195 ) The Notice of Renewal of judgment must be personally served on the debtor or served First Class mail. Lien created at the time of the original judgment also must be renewed. Furthermore, Under Fed R. Civ. P. 69 (a), money judgments are generally enforced by writ of execution, and the procedure for such writs "must accord with the procedure of the State where the Court is located" and any applicable Federal statutes. In summation, the United States Government nor the Victim (First Union Bank) has timely submitted Notice of renewal in order to continue duration of liability or to acquire a sequential 20 year period. Because a Lien was not created prior to November 19, 2016, renewal did not occur and Order of Restitution pursuant to 18 USC section 3663 or 3663(A), by law was terminated.

Wherefore, the Petitioner prays that this Honorable Court issues a "Show Cause Order," that is consistent with the Respondent verifying and supporting the authority applicable to the enforcement of restitution in the above captioned case, or in the alternative order termination of liability and Respondent to pay court cost.

CERTIFICATE OF SERVICE

I, Holsey EllingburgJr., duly certify that a copy of the aforementioned was sent on this ___ day of February 2023, to the Probation Office in the Western District of Missouri, to Anthony White at, 400 E 9th St. Kansas City Missouri 64106.

DECLARATION

I, Holsey Ellingburg Jr., duly swear under the penalty of perjury that the aforementioned is true and correct to the best of my knowledge and the laws of the United States of America.

Respectfully submitted.

2-25-2023
Date

Holsey Ellingburg
Reg. # 09172-021
10205 East 63rd Terrace Apt.C
Raytown Missouri 64133

State of missouri
County of Jackson
Subscribed and sworn before me on 25 of Feby 2023

Cody Hamilton

CODY HAMILTON
My Commission Expires
November 25, 2023
Jackson County
Commission #15464882

## THE AFFIDAVIT OF HOLSEY ELLINGBURG JR.

I Holsey Ellingburg Jr. duly swear that the forthcoming is true and corrected to the best of my knowledge and the laws of the United States of America. Stating the following;

1.) On or about December 4, 1995, the first Union Bank was robbed by two individuals wearing ski masks. One of the perpetrators carried a sawed off shotgun, while the other grabbed money from the Bank Tailors drawers.

2.) The bank was FDIC insured, which made the offense a federal crime, in violation of Title 18 USC section 2113 (a) and (d), Bank Robbery and Title 18 USC section 924 ©, Use Of A Firearm during a crime of violence. See court records.

3.) On or about December 31, 1995, I was arrested and later charged with committing the offenses mentioned above. See court records.

4.) At the time the offenses mentioned above were committed, the Victim Witness Protection Act was in effect. See VWPA statute.

5.) However, while I awaited trial, on or about April 24 1996, The Mandatory Victims Restitution Act was retroactively enacted by Congress. See MVPA.

6.) On August 29, 1996, Marvin Donell Kelly and myself were found guilty following a jury trial, of committing the offenses mentioned above. See JVC.

7.) Furthermore, on November 19, 1996, I was brought before the Honorable Judge William T. Moore and sentenced on all the counts mentioned above, which amount to a total of 322 months,

8.) Judge Moore also ordered the payment of restitution to commence immediately.

9.) While in prison I was unable to satisfy liability, where the only means available was the Unicore Program and their use of corporal punishment and being non existent at many facilities prevented consistency.

10.) During my lengthy incarceration the Government nor did First Union Bank serve me with a "Notice of Renewal", pursuant to 28 USC section 3201. Nor was I notified by the Court that such had occurred.

11.) On August 2 2021, I was transferred to a Halfway House and remained for a period of 10 months without incident.

12.) I was further released on supervised release On June 2 2022, to the Resident of 10205 East 63rd Terrace, Apt.C. Raytown, Missouri. 64133. An Apartment I currently share with my fiance.

13.) On January 18 2023, the Respondent sent me a text message.(due to previous conversations we previously had) citing 18 USC section 3613(b) of the MVRA, in support of his position that I would have to pay restitution.

14.) On February 7, 2023, Respondent followed up with another text message, informing me that; " you will need to make a payment of at least $ 100.00, by 2/28/23, and by the end of every month thereafter".

15.) No regard was given as to my financial situation.

16.) Me and my fiance have monthly bills that consume my monthly wages.

17.) I disagree with the Respondent and believe that his actions merely create undue hardship. Under the VWPA termination of liability occurred on November 19, 2016, because that statute was in effect at the time the above mentioned offenses were committed the MVRA must not be applicable to me.

I declare under the penalty of perjury that the aforementioned is true and correct to the best of my knowledge and the laws of the United States of America'.

Respectfully Submitted

2-25-23
Date

Holsey Ellingburg Jr.
Reg.# 09172-021
10205 East 63rd Terrace Apt. C,
Raytown Missouri 64133

State of Missouri
County of Jackson

Subscribed and sworn before me on 25 of Febuary, 2023

Cody Ham

CODY HAMILTON
My Commission Expires
November 25, 2023
Jackson County
Commission #15464882