# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cr-00173-RK |
| | ) |
| HOLSEY ELLINGBURG, JR, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On July 27, 2022, the Court received transfer of Defendant Holsey Ellingburg's supervised release from the U.S. District Court for the Southern District of Georgia. (Doc. 1.) On March 2, 2023, Mr. Ellingburg filed a pro se "motion to show cause" (Doc. 6) challenging enforcement of a restitution obligation as ordered by the district court in Georgia in imposing a criminal judgment and sentence against Mr. Ellingburg in November 1996.[1] The Court liberally construes the filing as a motion for order to show cause. Mr. Ellingburg argues that (1) imposing continued liability for the restitution obligation under the expanded liability term enacted by the Mandatory Victims Restitution Act of 1996 ("MVRA") violates the Ex Post Facto Clause of the U.S. Constitution, and (2) his restitution obligation was extinguished because the government failed to renew the lien as required by 28 U.S.C. § 3201. After careful consideration and for the reasons explained below, the pro se motion is **DENIED**.

## I. Background

In December 1995, Mr. Ellingburg (along with a co-defendant) robbed a Georgia bank. (*See* Doc. 15 at 4, ¶ 1.) Mr. Ellingburg was indicted by a federal grand jury on April 4, 1996. (*See id.*) Mr. Ellingburg was subsequently convicted of two counts (bank robbery and using a firearm in a violent crime) on August 29, 1996, following a jury trial. *See United States v. Ellingburg*, No. 4:96-cr-00063-WTM-CLR-1 (S.D. Ga.) (doc. 136). On November 19, 1996, the district court in Georgia imposed a sentence of a total of 322 months' imprisonment followed by a total of five

---

[1] Although Mr. Ellingburg filed the motion for order to show cause directed to a probation officer, because it is responsible under federal law and regulations to collect restitution, the U.S. Attorney's Office filed a response to the pro se motion. (Doc. 12); *see* 18 U.S.C. § 3612(c); 28 C.F.R. § 0.171.

years' supervised release, in addition to an order of restitution in the amount of $7,567.25. (Doc. 12-2.)

## II. Discussion

In his pro se motion, Mr. Ellingburg challenges the enforceability of the initial restitution order to the extent (1) applying the expanded liability period contained within the MVRA violates the Ex Post Facto Clause of the U.S. Constitution, and (2) the Government failed to timely renew the lien pursuant to 28 U.S.C. § 3201.

In 1996, Congress enacted the MVRA to amend various provisions of the federal criminal code concerning restitution. Pub. L. 104-132, 110 Stat. 1214 (Apr. 24, 1996). Pursuant to § 211 of the MVRA, the amendments enacted thereby "shall, to the extent constitutionally permissible, be effective for sentencing proceedings in cases in which the defendant is convicted on or after the date of enactment of this Act." *Id.* Particularly applicable here, the MVRA expanded the liability period for an order of restitution from 20 years after judgment to either 20 years after judgment or 20 years after release from imprisonment, whichever occurs later. *Id.* (codified at 18 U.S.C. § 3613(b)). Mr. Ellingburg argues that applying the MVRA's expanded liability period to the order of restitution in this case violates the Ex Post Facto Clause.[2]

A criminal law is ex post facto in violation of Article 1, § 9 of the U.S. Constitution if it (1) applies retrospectively to "events occurring before its enactment" and (2) "disadvantages the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29 (1981) (citations omitted). "[N]o ex post facto violation occurs if the change effected is merely procedural, and does not increase the punishment nor change the ingredients of the offense or the ultimate facts necessary to establish

---

[2] The Court notes that the offense conduct occurred in December 1995 (pre-MVRA) while Mr. Ellingburg was convicted and sentenced in August 1996 (post-MVRA). Mr. Ellingburg appears to argue that the sentencing court wrongfully applied the MVRA in ordering restitution in its criminal judgment and sentence, also in violation of the Ex Post Facto Clause. But Mr. Ellingburg was convicted and sentenced after the MVRA became effective by its terms. More significantly, though, the record indicates that rather than applying the MVRA in ordering restitution, the sentencing court instead applied the Victim and Witness Protection Act of 1982 ("VWPA"). (*See* Docs. 12-2 at 23 (judgment of sentence adopting factual findings and guideline application in the presentence report); 15 (presentence report) at 4-5, 12-14, 15 (factual findings regarding amount of loss sustained by the victim as well as Mr. Ellingburg's financial resources, financial needs, ability to pay, and earning ability; and recommending that "Pursuant to 18 U.S.C. § 3663, restitution may be ordered in this case").) To the extent Mr. Ellingburg seeks to collaterally attack the restitution order itself, including under the VWPA, or to raise an ineffective-assistance-of-counsel claim regarding the restitution order as he does in his reply (*see* Doc. 16 at 3-5), the instant pro se motion for order to show cause is not the proper vehicle to do so.

2

guilt." *Id.* at 29 n.12 (citations and quotation marks omitted).  Here, Mr. Ellingburg challenges the applicability of the expanded limitations or termination period of liability enacted by the MVRA.

As indicated above, however, to be ex post facto a retroactively applicable criminal law must "increase the punishment for criminal acts." *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995) (citations and quotation marks omitted).  Although the Eighth Circuit has not squarely addressed this issue, the great majority of the federal circuit courts that have confronted this question have concluded that application of § 3613(b)'s expanded liability period for an order of restitution does not violate the Ex Post Facto Clause.  *United States v. Rosello*, 737 F. App'x 907, 908-09 (11th Cir. 2018); *United States v. Blackwell*, 852 F.3d 1164, 1166 (9th Cir. 2017); *United States v. McGuire*, 636 F. App'x 445, 447 (10th Cir. 2016); *but see United States v. Norwood*, 49 F.4th 189, 220 (3d Cir. 2022).  The Court agrees with the majority of federal circuit courts that application of § 3613(b)'s expanded collections period, enacted through the MVRA, does not violate the Ex Post Facto Clause of the U.S. Constitution.

Second, as to Mr. Ellingburg's argument that the lien was not properly renewed under 28 U.S.C. § 3201, the Court notes that § 3201 creates a lien only on real property and does not otherwise impact Mr. Ellingburg's obligation to pay restitution as part of his criminal conviction under the relevant and applicable criminal law(s).  Mr. Ellingburg provides no legal authority or argument otherwise.

### III. Conclusion

For these reasons, the pro se motion for order to show cause (Doc. 6) is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED:  May 4, 2023